UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANDRE DESHAWN PEARSON,
#249972,

    Petitioner,

v.

RAPHAEL WASHINGTON,

    Respondent.

Case No. 24-11179
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, DENYING CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL**

On April 19, 2024, Andre DeShawn Pearson was convicted of first-degree criminal sexual conduct and assault with intent to do great bodily harm less than murder following a jury trial in Wayne County Circuit Court. (ECF No. 1.) He is currently detained at the Wayne County Jail and is scheduled to be sentenced on May 24, 2024. (*Id.*)

Less than two weeks after his trial, Pearson filed a petition for habeas corpus in this Court pursuant to 28 U.S.C. § 2254. Pearson raises claims concerning the jury instructions, his right to present a defense, the admission of evidence, and his preliminary examination testimony. (*Id.*) Because Pearson's convictions are not yet

final and he has not exhausted his state court remedies, the Court dismisses the habeas petition without prejudice.[1]

## I.

The Court must undertake a prompt preliminary review of a habeas petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. District courts then have a "duty to screen out [habeas petitions] which should be dismissed for lack of merit on [their] face." *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970); *see* 28 U.S.C. § 2243. A dismissal under Rule 4 includes petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999).

A petitioner seeking a writ of habeas corpus under 28 U.S.C. § 2254 must generally exhaust all state remedies. *See* 28 U.S.C. §§ 2254(b)(1)(A) and (c); *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) ("state prisoners must give the state courts one full fair opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"); *Rust v. Zent*, 17

---

[1] Dismissal without prejudice means "a dismissal without barring the plaintiff from returning later, to the same court, with the same underlying claim." *Arangure v. Whitaker*, 911 F.3d 333, 347 (6th Cir. 2018) (quoting *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 505 (2001)). "The whole point of dismissing without prejudice is to allow a subsequent suit." *Chabad of Prospect, Inc. v. Louisville Metro Bd. of Zoning Adjustment*, 623 F. Supp. 3d 791, 799 (W.D. Ky. 2022). So when Pearson's conviction is final and he has exhausted state court remedies, he may again file a habeas petition, which will be assigned a new case number.

F.3d 155, 160 (6th Cir. 1994). Exhaustion provides state courts the "opportunity to address alleged flaws in their criminal procedures." *Turner v. Bagley*, 401 F.3d 718, 724 (6th Cir. 2005). To satisfy this requirement in Michigan, a petitioner must first raise the issues he presented in his habeas petition to both the Michigan Court of Appeals and the Michigan Supreme Court. *See Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009). The burden is on the petitioner to establish exhaustion. *Rust*, 17 F.3d at 160.

At this stage of the proceedings, Pearson cannot satisfy his burden. He has not yet been sentenced, so presumably no final judgment has been entered. Thus, the time for him to pursue an appeal in the Michigan courts has not yet started, let alone expired. Consequently, his state convictions are not yet final for the purpose of seeking federal habeas review. *See, e.g., Quigley v. Mackie*, No. 17-11203, 2017 WL 2472891, *2 (E.D. Mich. June 8, 2017) (dismissing habeas petition as premature where petitioner was awaiting re-sentencing); *Allen v. Attorney Gen. of the State of Maine*, 80 F.3d 569, 572 (1st Cir. 1996) ("[A] state criminal case is ripe for the ministrations of a federal habeas court only after completion of the state proceedings," which means "after the defendant has been tried, convicted, sentenced, and has pursued available direct appeals."). Indeed, "Petitions are routinely dismissed on exhaustion grounds when a petitioner is awaiting sentencing after conviction." *Hill v. Bevier*, No. 21-12499, 2021 WL 5303928, *2 (E.D. Mich. Nov. 15, 2021) (citing cases and dismissing premature habeas petition on abstention and/or exhaustion grounds); *Philpott v. Pinkney*, No. 19-1662, 2019 U.S. Dist. LEXIS 209974, *2–3 (N.D. Ohio Dec.

4, 2019) (dismissing habeas petition as premature for failure to exhaust state court remedies where "[a]t the time [petitioner] filed the Petition, he was awaiting sentencing.").

## II.

Thus, as Pearson's convictions are not yet final and he has not exhausted state court remedies as to his habeas claims, his pursuit of federal habeas relief is premature. Accordingly, the Court **DISMISSES WITHOUT PREJUDICE** the petition for a writ of habeas corpus. The Court makes no determination as to the merits of the claims.

Before Pearson may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a federal court denies relief on procedural grounds, a certificate of appealability should issue if it is shown that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Reasonable jurists could not debate the correctness of the Court's procedural ruling. Accordingly, the Court denies a certificate of appealability.

Lastly, the Court concludes that an appeal from this decision cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly, the Court denies leave to proceed in forma pauperis on appeal.

This case is closed, and a separate judgment will follow.

**IT IS SO ORDERED**.

Dated: May 20, 2024

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE